NAIBURG v. GOLDIN et al.

(Supreme Court, Appellate Term, First Department.   October 27, 1914.)

ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION OF ATTORNEYS—PAYMENT OF COMPENSATION.

    Where the defendants in an action employed an attorney to secure an extension of time to answer, who did secure such extension, though they had a right to substitute another attorney, the order of substitution should not have been made without providing for the compensation of the attorney first employed.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110–119;  Dec. Dig. § 75.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Naiburg against Abraham Goldin and others, doing business as A. Goldin & Sons. From an order substituting Abraham H. Sarashon as attorney for defendants in place of David Lisnow, Lisnow appeals. Modified.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Edward P. Sobel, of New York City, for appellant.
Abraham H. Sarashon, of New York City, for respondent.

SEABURY, J. An attorney, employed by one of the defendants to secure an extension of time to answer in this action, appeals from an order substituting another attorney in his place without allowing him compensation for services rendered. There is no doubt about the defendants' right to substitute another attorney for the one whom they originally employed; but it is equally clear that the substitution should not be made without providing for the compensation of the attorney first employed. The attorney first employed did secure the extension of time to answer which the defendant asked him to secure, and for this service he was entitled to compensation.

The order appealed from is modified, by providing that the substitution sought shall be made upon payment of $20 to the attorney first employed. The costs and disbursements of this appeal are awarded to the appellant.

Order modified, by providing that the order of substitution be granted, upon payment to David Lisnow of the sum of $20, and, as modified, affirmed, with $10 costs and disbursements to the appellant. All concur.